IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUSTICE LAW FIRM GROUP, LLC § § Plaintiff, § vs. § § LIONHEART FUNDING, LLC § BLUEGRASS LENDING, LLC § THADDEUS HUNTER VOSS § § Defendants, § | Case No. 4:24-cv-2930  Hon. Keith P. Ellison United States District Court Judge  Related Case No. 4:23−cv−01940 |

# COMPLAINT

Plaintiff sues the Defendants as follows:

1. Under 28 U.S.C. § 1332 (a) (1) jurisdiction exists as Plaintiff's member is Paul Wersant, domiciled in, a citizen of California when suit was filed.

2. Under 28 U.S.C. § 1332 (a) (1), jurisdiction exists as Thaddeus Voss, Defendant is domiciled in and a citizen of Florida, who is the sole member of Lionheart and Bluegrass Lending as he had admitted previously under oath with the Secretaries of State of Florida and Kentucky.

3. Under 28 U.S.C. § 1332 (a), diversity jurisdiction exists as the amount in controversy exceeds $76,000.00, exclusive of costs, as the damages and value of the property exceed $76,000.00.

4. Under § 1367, jurisdiction exists on all claims in this action, so related to form part of this same case or controversy, including those under state law.

5. Under 28 U.S.C. § 1391, § 124, venue is proper as substantial events or omissions occurred or were directed here to Texas by the Defendants as shown in (a) *__Lionheart v. JMB et al__*, SD Tex, Case No. 4:23−cv−01940, (b) *__Brandon Callier v. Bluegrass Lending Group, LLC and Thaddeus Hunter Voss__*, WD Tex. Case No. 3:22-cv-00317-DCG and (c) *__In Re Quick Dry Carpet Cleaning LLC__*, WD Tex. Bk Case No. 23-10638-smr under Claim No. 27 by *__Lionheart Funding LLC.__*

1

6. Defendants are related to each other and bound by the debt at issue which they ratified adopted, or other conduct in which they participated, and it is foreseeable they are subject to it.

### The Parties

7. Paul Wersant, an attorney, since 2000, rendered legal services to the Defendants from 3/20 until 1/23, under retainers, as detailed in an Invoice dated 01/18/23 for **$91,195.00** and a demand letter dated 01/28/24 to which they did not respond and admitted by their silence.

8. The retainers and Invoice between Mr. Wersant and the Defendants is an actual or implied contract in fact for his legal services to them, including a valid offer, acceptance and consideration which the Defendants accepted, adopted, ratified and must perform. [Contract]

9. Defendants failed to pay for Mr. Wersant's services in the Contract from which they benefitted as detailed in his Invoice and related correspondence including retaining the proceeds of a settlement, improperly obstructed it by their misconduct constituting the unauthorized practice of law [UPL] without being subjected to a lien or other adverse action upon it.

10. Instead, the Defendants issued a baseless, defamatory, illegal threatening email against Mr. Wersant, though New York counsel, constituting malpractice and UPL on his part, who (a) has no license to practice law in any jurisdictions where Mr. Wersant filed the cases forming the basis for the Contract including Colorado, Georgia, Florida, Michigan and Texas (b) who is merely an MCA lawyer in an industry now under investigation by the New York Attorney for its illegal practices.

11. The misconduct of Defendants, including their UPL, forced Mr. Wersant to withdraw from their legal matters whose Invoice and Contract owed by them to him remains unpaid for over $91,195.00 including his payments to process servers on various cases he handled for them as detailed in correspondence between the parties and the Invoice to which they did not respond and admitted.

12. The Defendants referred uncollectible cases to Mr. Wersant with prior state court judgments, fraudulently failing to disclose these issues to him, upon which he obtained judgments and settlements as detailed his demand letter and the Invoice which they never disputed and admitted.

## The JMB Settlement.

13. For example, the Defendants referred the JMB Case to Mr. Wersant after they did not collect upon that state court judgment as their prior New York counsel admitted on 11/4/22 by stating:

> **From:** Lindsay McKeefrey <lindsay@dfogelpc.com>
> **Sent:** Friday, November 4, 2022 2:51 PM
> **To:** Steve Wells <steve@wellspc.com>
> **Cc:** Thaddeus Voss <tvoss@lhfundgroup.com>; chris@wellspc.com; David Fogel <david@dfogelpc.com>; Mitchell Levy <mlevy@lhfundgroup.com>; Lionheart <lionheart@dfogelpc.com>; Rebecca Greenberg <rebecca@dfogelpc.com>; emedlin@lhfundgroup.com; funding@lhfundgroup.com
> **Subject:** Re: JMB HOUSTON RESURFACING INC and JOSE DEJESUS BARBOSA
>
> We have records of the individual filing. We have judgment against the business and individual already but are having a hard time collecting since the individual filed and that is where he is keeping the funds it seems.
>
> Thank you,
>
> Lindsay McKeefrey

14. Mr. Wersant then obtained an settlement of the JMB case over $80,000.00 as shown by the below email, prior to those defendants filing bankruptcy, as shown by his below email, which the Defendants admitted and ratified by their acceptance on or about 02/10/23 as follows

> Good morning Thaddeus and Eric,
>
> I am providing the JMB update, although just after the promised one on Friday.
>
> We have a payment plan for JMB as I discussed with Thaddeus on 1/23/23 - they were to pay $81,707.93 in the BK of the PG and his spouse which was increased to $111.707.00 to my negotiations and the later suit - which is unaffected by the BK as to the business and another related business. This debtor and his wife filed that amended bk plan reflecting those terms and to cure prior deficiencies with this BK. The trustee then filed a motion to dismiss this case the following day - precluding confirmation of the plan in early February as agreed. So this BK is now set for a hearing on the trustee's motion to dismiss on 02/24/23.

3

I have reached out to bk counsel to see if they can cure the issue and we can possibly renegotiate the settlement as discussed with Thaddeus or if we can just settle out of court for different terms. They just confirmed they are willing to so and we are discussing further along with possibly a larger payment though the bk as Thaddeus requested

The suit was filed on 01/10/23 and was served on the debtor business, the PG and a related business on 01/12/23 - I had placed the suit on hold at least as to both companies while working on the settlement with the debtor to whom it was stayed. Clearly, this situation may change if the bk is dismissed.

I will have additional updates by tomorrow on JMB.

Sincerely,
Paul Wersant
Attorney (MD, DC, GA, FL)
Telephone: 678-894-5876
Email: pwersant@gmail.com
Admitted in federal courts in CO, IL, IN, MI, MO, OH, OK, TN, TX, WI and pro-hac-vice in AZ, CA, OR, MT, NY, VA

15. On 07/21/24, the Court then entered its order in the JMB Case granting Mr. Wersant's Unopposed Motion to withdraw and for related relief including to enforce his Lien against the Defendants, who failed to appear in this case after receiving notice of it in which Mr. Wersant obtained a settlement of that case against those defendants as shown here

### The Rockwell Defense Settlement.

16. For example, on 03/08/24, Mr. Wersant also obtained a settlement for the Defendants in *Lionheart Funding LLC v. Rockwell Defense, Jarred Forrest Lawyer and Kenneth Legrand*, D. Col Case No. 1:23-cv-00054-SKC as shown by the below email to which the Defendants did not respond.

17. On 03/08/24, Mr. Wersant wrote to Defendants of this Settlement which they accepted:

*I am also authorized to make a settlement offer of $180,000. This would be paid $5K per month for three months starting March 15 (i.e. March, April, May). After the May payment, the monthly amount could be increased to $10K per month until paid. This would be to resolve the entire dispute between the parties and would be documented in a settlement agreement with the traditional terms such as confidentiality and mutual releases. This offer is covered by FRE 408 and state law equivalents. Please let me know if this is acceptable.*

18. Mr. Wersant obtained this Settlement obtaining an entry of default [Doc 12] on 03/09/23 against the Rockwell Defendants on commercial loan dated 03/24/22 [Closing] at which time the Defendants paid $250,000.00 to purchase receivables from Rockwell valued at $374,750.00,

19. This settlement followed the unsuccessful efforts of the Defendants to obtain a judgment or resolution of this matter against the defendants in the *Rockwell* Case New York State Court as shown by an email between Mr. Wersant and counsel for those Defendants as shown below:

> From: **Paul Wersant.** <pwersant@gmail.com>
> Date: Mon, Mar 13, 2023 at 2:58 PM
> Subject: Re: Rockwell Defense Group
> To: Barry Siegel <siegellaw100@yahoo.com>, Paul W. <pwersant@gmail.com>
>
> Mr. Siegel,
>
> I filed suit against your clients in Colorado, served them over a month ago and obtained an entry of default against them  See below. The New York case has not reached a final judgment and it is just inactive at this time. It is no defense to this one. I note many other suits in New York against them, most of which are being defended - at least one is not. I also know about one in Florida resulting in a default judgment - none of these are domesticated in DC yet where your clients are located.  Mine will be a different matter.
>
> If your clients are so inclined then make me an offer by 4:45pm today to resolve this matter for a discounted sum which we will consider and then respond to that day. Otherwise, I will proceed to move for final judgment in this matter unless I hear from you today.
>
> See FRE 408 - this is a settlement communication inadmissible for any purpose.
>
> Sincerely,
>
> Paul Wersant
> Attorney (MD, DC, GA, FL)
> Telephone: 678-894-5876
> Email: pwersant@gmail.com
> Admitted in federal courts in
> CO, IL, IN, MI, MO, OH, OK, TN, TX, WI
> and pro-hac-vice in AZ, CA, OR, MT, NY, VA

20. The Defendants instead refused to communicate with Mr. Wersant but ratified the Settlement of the *Rockwell* Case after his withdrawal by accepting it on or about 04/17/24 [Doc 44] which they illegally conducted in this case without the appearance of counsel as they admitted.

5

21. Mr. Wersant is entitled to a lien against the property and assets of the Defendants, that they retained due to his services, to which his invoice and the Contract should be enforced of which he also provided notice in the Rockwell case under his undisputed Motion to Enforce His Lien, adopted by reference, stating in part that{ [See Doc 48, pp. 2-5]

6. Mr. Wersant conveyed a recent offer to settle this matter on or about 03/08/24 who withdrew [Doc 27] providing notice of his lien stating "Also, Plaintiff's counsel reserves the right to record and enforce a lien in this action as provided by law." [Doc 25, pp. 2].

7. Mr. Wersant also withdrew due to Plaintiff's illegal actions to have a debt collector settle this action as disclosed by defense counsel below after which Plaintiff and defense counsel settled this action without replacement counsel for Plaintiff, contrary to Colo. R. Civ. P. 232.2, stating: "***Prohibition on the Unauthorized Practice of Law. Unless authorized by supreme court case law, federal law, tribal law, or other valid law, a nonlawyer may not engage in the practice of law. "Practice of law" includes the following:(1) Protecting, defending, or enforcing the legal rights or duties of another person;(2) Representing another person before any tribunal or, on behalf of another person, drafting pleadings or other papers for any proceeding before any tribunal***;"

8. This same issue is presented by D. Colo. L. Atty. R. 5 (b) stating in part that: "Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity."

9. Notably, Defendants brought a heavily redacted Motion to Dismiss [Doc 39] misrepresenting the status of an alleged related New York action, essentially dormant at the time this one was filed, due to their delaying tactics in it, requiring this action, as detailed in the below email as to this action by their New York Counsel, Barry Siegel [not admitted in this Court] in which Mr. Wersant first proposed the settlement at issue, which they did not dispute:

From: Paul Wersant. Date: Mon, Mar 13, 2023 at 2:58 PM
Subject: Re: Rockwell Defense Group
To: Barry Siegel , Paul W. pwersant@gmail.com

Mr. Siegel, I filed suit against your clients in Colorado, served them over a month ago and obtained an entry of default against them See below. The New York case has not reached a final judgment and it is just inactive at this time. It is no defense to this one. I note many other suits in New York against them, most of which are being defended - at least one is not. I also know about one in Florida resulting in a default judgment - none of these are domesticated in DC yet where your clients are located. Mine will be a

6

different matter. If your clients are so inclined then make me an offer by 4:45pm today to resolve this matter for a discounted sum which we will consider and then respond to that day. Otherwise, I will proceed to move for final judgment in this matter unless I hear from you today. See FRE 408 - this is a settlement communication inadmissible for any purpose. Sincerely, Paul Wersant Attorney (MD, DC, GA, FL) Telephone: 678-894-5876 Email: pwersant@gmail.com Admitted in federal courts in CO, IL, IN, MI, MO, OH, OK, TN, TX, WI and pro-hac-vice in AZ, CA, OR, MT, NY, VA

10. The New York case docket is omitted from the Motion to Dismiss by Defendants, who indisputably refused to pay the commercial debt at issue until being served in this action by Mr. Wersant. This Motion also lacked a Certificate of Conferral under D.C. Colo. L Civ. R. 7.1.

11. [The Rockwell] Defendants brought a unsupported Motion for Sanctions [Doc 40, pp. 1-2] mispresenting (a) the basis for bringing this action (b) the reasons for Mr. Wersant's withdrawal, (c) who improperly served it upon him on behalf of Plaintiff on 03/29/29, over 3 weeks after his withdrawal [Doc 40, pp. 15] (d) which again lacks a certificate of conferral under D.C. Colo. L Civ. R. 7. 1 and (e) omits to mention the above issues with their New York Counsel and below admission of the debt collector UPL at issue in this matter:

From: Henry Baskerville hbaskerville@fortislawpartners.com
Date: Fri, Mar 8, 2024 at 12:17 PM
Subject: RE: Lionheart v. Rockwell
To: Paul W., Charles Carlin Cc: Anastasiya Karan, Justice Law Firm justicelawfirmgroup@gmail.com Paul: ***As an FYI, my client is being harassed by a debt collector who is trying to collect this same debt you're suing over.*** Henry Baskerville Fortis Law Partners 1900 Wazee Street, Suite 300 Denver, CO 80202 (303) 295-9700 main (303) 565-8066 direct (303) 295-9701 fax www.fortislawpartners.com

12. The Court is also requested to take judicial notice of still another New York Case where Defendant Jarred Forrest, and co-owner of Rockwell, similarly engaged in another UPL "settlement" on behalf of Rockwell, in which these Defendants were named, as detailed in the Motion for Summary Judgment attached as Exhibit 1, illegally settled for Rockwell as detailed in the 7/28/22 letter of Plaintiff's counsel Niagara Supreme Court Index Number E182888/2024, C2 Advance LLC v. V. Rockwell Defense Group, attached as Exhibit 2, stating in part as follows "Dear Mr. Lawyer: This law firm represents C2 Advance LLC. This letter will set out the terms by which my client will accept a settlement of your account. My client agrees to this settlement, provided you pay as set forth in this letter. You agree to pay C2 Advance LLC the sum of $80,000.00. This amount will be paid with an initial payment in the amount of $5,000.00 due on or before July 29, 2022. Thereafter, payments in the amount of $5,000.00 are due on or before the 25th of every successive month starting August 25, 2022, and continuing until the settlement amount is paid in full. Payments should be sent to The Law Offices of Regent & Associates at 500 Lovett Blvd., Suite 225, Houston, Texas 77006.

7

13. Therefore, the Motion to Dismiss should be denied as this time and Mr. Wersant's lien should be enforced in the form of a judgment against the proceeds of the settlement of this action, which resulted solely from his efforts in suing the Defendants as shown by these facts.

22. Defendants did not respond to Mr. Wersant's Notice [Doc 47] of Lien stating:

"Under O.C.G.A. § 15-19-14, CRS §§ 12-5-119, 12-5-120 and applicable law, *Plaintiff's prior counsel, Paul Wersant provides notice of his lien for the reasonable value of his legal fees in this action at $650.00 per hour for at least 20 hours of work, as noticed in his Motion: "Also, Plaintiff's counsel reserves the right to record and enforce a lien in this action as provided by law." [Doc 25, pp. 2] Mr. Wersant's prosecution of this action resulted in its favorable resolution for Plaintiff [Doc 44-45] justifying this lien, filed before a final order [Doc 46] for which the Court should retain jurisdiction to enforce*."

23. The Defendants then hired counsel to oppose the Motion for Lien of Mr. Wersant in the <u>Rockwell Case</u>, whose invalid insistence on raising the *defense of personal jurisdiction for the defaulted Defendants* caused that case to be dismissed by that Court on 05/7/24 as follows. [Doc 54]

ORDER: In its Response [53] to the "Motion for Order to Enforce Lien for Fees of Mr. Wersant as to Settlement of this Case", ***Plaintiff has confessed this Court does not have personal jurisdiction over the Defendant[s]***. Consequently, the Court GRANTS Defendant's [39] Motion to Dismiss based on a lack of personal jurisdiction. **This case is dismissed without prejudice.** Any remaining pending motions are DENIED AS MOOT.
The Clerk of Court shall close this case. SO ORDERED by U.S. District Judge S. Kato Crews on 5/7/2024. Text Only Entry (skclc1) Modified on 5/9/2024 to dismiss without prejudice (skcja, ). (Entered: 05/07/2024)

24. Mr. Wersant assigned his claims at issue to the Plaintiff, which owns and holds and has standing to enforce them prior to filing this action.

25. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### Count I: Breach of Contract: all Defendants

26. O.C.G.A. § 15-9-11 states: "In cases where an attorney has rendered such service but cannot render the balance of service due to the act of his client, providential cause, election to office, or removal out of the state, he is entitled to retain such amount or a due proportion thereof if collected, or if not collected, to bring an action to collect it."

8

27. Defendants breached the Contract under which Plaintiff is entitled to payment.

28. Defendants acted in bad faith, were stubbornly litigious, causing unnecessary trouble and expense by not resolving the matter, entitling Plaintiff to fees and costs against them under O.C.G.A. § 13-6-11 and prejudgment interest with charges under O.C.G.A. § 7-4-16.

29. Defendants did not resolve the just amounts owed on Plaintiff's claims within 30 days after they were presented, requiring Plaintiff to bring this suit, which is entitled to its fees against the Defendants under Tex. Civ. Prac. & Rem. Code § 38.001 *et seq* and applicable law.

30. Plaintiff demands judgment for damages against Defendants for their breach of the Contract and Invoice, interest, costs, other charges and all just relief such as a lien for on their property and any business owned by them to secure payment of the damages at issue and an injunction to prevent further irreparable harm due to their misconduct.

## Count II: Unjust Enrichment: All Defendants

31. Defendants induced and encouraged Plaintiff's assignor, Mr. Wersant, to confer the benefits of his legal services upon them, such as the Settlements, which they adopted and ratified.

32. Plaintiff's assignor, Mr. Wersant, provided benefits of his legal services to Defendants which they appreciated, consented, benefitted and ratified.

33. Defendants retained the benefits of Mr. Wersant's legal services which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

34. Defendants acted in bad faith, were stubbornly litigious, causing unnecessary trouble and expense by not resolving this matter, entitling Plaintiff to fees and costs under O.C.G.A. § 13-6-11 and prejudgment interest with charges under O.C.G.A. § 7-4-16.

35. Defendants acted in bad faith, were stubbornly litigious, causing unnecessary trouble and expense by not resolving the matter, entitling Plaintiff to fees and costs against them under O.C.G.A. § 13-6-11 and prejudgment interest with charges under O.C.G.A. § 7-4-16.

36. Defendants did not resolve the just amounts owed on Plaintiff's claims within 30 days after they were presented, requiring Plaintiff to bring this suit, which is entitled to its fees against the Defendants under Tex. Civ. Prac. & Rem. Code § 38.001 *et seq* and applicable law.

37. Under O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants of the benefits of the legal services provided to them, fees, costs and just relief including a lien on the property and assets to secure payment of the legal services at issue.

### **Count III: Declaratory and Equitable Relief: All Defendants**

38. Defendants breached the agrement between the parties requiring its enforcement to their property and assets, by its terms or based upon their conduct.

39. Defendants accepted the benefit of the legal services at issue but did not pay for and are unjustly enriched by retaining those benefits with their property and assets.

40. An equitable lien and/or mortgage or constructive trust to secure the legal fees at issue is intended and implied on the property and assets of Defendants, to secure their payment.

41. Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their conduct, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone, reflecting their obligations.

42. Defendants acted in bad faith, were stubbornly litigious, causing unnecessary trouble and expense by not resolving the matter, entitling Plaintiff to fees and costs against them under O.C.G.A. § 13-6-11 and prejudgment interest with charges under O.C.G.A. § 7-4-16.

43. Defendants did not resolve the just amounts owed on Plaintiff's claims within 30 days after they were presented, requiring Plaintiff to bring this suit, which is entitled to its fees against the Defendants under Tex. Civ. Prac. & Rem. Code § 38.001 *et seq* and applicable law.

44. Under 28 U.S.C. § 2201 *et seq* and applicable law, Plaintiff requests the Court declare and establish the property and assets of the Defendants, including those deriving from the proceeds of the Settlement, are subject to being secured for the damages at issue, under an equitable lien or mortgage, constructive trust or like remedy, judicially foreclosing its interest in their property and assets, granting all just relief including its fees.

45. Defendant Voss is not a minor(s) or adjudged incompetent; were not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 6th day of August 2024.

By: */s/Paul G. Wersant*
Paul G. Wersant
S.D. of TX Bar No. 748341
Justice Law Firm Group LLC
40575 California Oaks Rd Ste D-2, Box 327
Murrieta, California 92562
Telephone: (678) 894-5876
Telephone: (951) 9963-0467
Email: pwersant@gmail.com
Email: justicelawfirmgroup@gmail.com
Attorney for Plaintiff